IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| QINGSONG LEI,<br><br>                                Plaintiff,<br><br>                                v.<br><br>THE PARTNERSHIPS and<br>UNINCORPORATED ASSOCIATIONS<br>IDENTIFIED ON SCHEDULE "A"<br><br>                                Defendants. | Civil Action No. 1:24-cv-4002<br><br>Honorable Sharon Johnson Coleman |

**REPLY IN SUPPORT OF PLAINTIFF'S
MOTION FOR PRELIMINARY INJUNCTION**

      Plaintiff Qingsong Lei ("Plaintiff") submits this Reply in Support of its Motion for Entry of a Preliminary Injunction ("Motion") (Dkt. No. 25), herein responding to arguments raised in Defendant Ezire Direct USA's ("Defendant") Response in Opposition (Dkt. No. 29).

**I.    INTRODUCTION**

      Plaintiff's Motion should be granted and this Court should enter the preliminary injunction for the same reasons that supported the entry of the Court's Temporary Restraining Order (Dkt. No. 14) ("TRO"). First, the Court should carefully consider Defendant's repeated misconduct during the short course of this litigation in its attempts to evade enforcement of the TRO, in making misrepresentation to the Court, and in playing fast and loose with the Federal Rules of Civil Procedure. Still, Defendant's arguments as to non-infringement and invalidity of Plaintiff's United States Patent No. D838,358 (the "Asserted Patent") are unavailing.

1

II. **ARGUMENT**

    A. **Defendant's Repeated Misconduct Warrants Entry of the Preliminary Injunction**

During the brief course of this litigation, Defendant has repeatedly acted in apparent bad faith to circumvent the TRO. The TRO enjoins Defendants from "manufacturing, importing, distributing, offering for sale, or selling any infringing products, *i.e.*, the infringing mask with snorkel and any colorable variations thereof". Dkt. No. 14 at ¶ 1.a. Plaintiff served the TRO on Amazon.com, Inc. ("Amazon") on May 30, 2024. On or before June 6, 2024, Amazon complied with the terms of the TRO and removed twelve infringing listings from Defendants' stores (ASIN Nos. B0BQ2T2HF3, B0BQ2TSLKX, B0BQ2V5VDX, B0CP7KSX6V, B0CP98V86K, B0CPBB95X2, B0CPBKZM94, B0CPBM5MMK, B0CPHP6Q56, B0CPHX1LKM, and B09THFY5S4, B09THGNFSV). On that same day, Plaintiff became aware of a new listing (ASIN No. B09THGNFSV) posted by Defendant for the below infringing product:



Plaintiff promptly notified Amazon, who removed the new ASIN. On June 19, Plaintiff identified five additional listings, ASIN Nos. B0BQ2T2HF3, B09THGNFSV, B0CPBM5MMK, B09THFY5S4, and B0CPBB95X2, offered on Defendant's Amazon storefront, in yet another attempt to evade the TRO. *See* Exhibit A.

In yet another example of Defendant's, Defendant argued that he does not infringe the Asserted Patent because his product practices United States Design Patent No. D859,642 (the "'642 Patent"). This argument is flawed for two separate and entirely independent reasons. In an apparent effort to sidestep infringement, Defendant switched the original Infringing Products with other products. For example, Defendant claims to be selling the slightly different product identified in their Amended Response (Dkt. No. 29 at 2-3), reproduced below:



This argument is a blatant misrepresentation on both accounts. This is *not* in fact the original Infringing Product. As shown in the attached Exhibit A, Defendant changed his listings at least twice in an apparent attempt to evade enforcement of the TRO. For example, the original Infringing Product of ASIN No. B09THGNFSV clearly infringes the Asserted Patent, as shown in Exhibit A, reproduced below:

3



Both products contain the same face mask structure, cutouts on the chin section, viewport shape, cutouts to the left and right of the nose section, and snorkel design. *Compare* Ex. A at 1 with Asserted Patent (Dkt. No. 3-3). This Infringing Product was offered for sale on April 16, 2024, under ASIN Nos. B0BQ2T2HF3, B0BQ2TSLKX, B0BQ2V5VDX, B0CP7KSX6V, B0CP98V86K, B09THGNFSV, B0CPBKZM94, B0CPBM5MMK, B0CPHP6Q56, B0CPHX1LKM, B09THFY5S4, and B09THGNFSV. *See* Ex. A at 1 - 166.

On or before May 16, 2024, Defendant changed its product pages for those ASINs, offering a slightly different product shown in Exhibit A to the Complaint (Dkt. No. 3-2), reproduced below:

4



The sole difference between the products Defendant offered for sale in April and May is the removal of the camera mount, as shown in the comparison below. As such, the new products still infringe as an ordinary observer would easily be confused between the two.



Furthermore, the product shown in Defendant's Amended Response is *not* the product which Defendant *is still offering for sale* under the *same* ASIN Nos. For example, Defendant

5

includes cherry-picked product images in its Amended Response.[1]  Not only are these *not* the products being offered for sale as of the filing date of this Reply—in violation of the TRO—but they do not even in fact practice the '642 Patent as argued by Defendant. Multiple differences exist between the three products, including the addition of Plaintiff's patented cutouts on both the chin section and to the left and right side of the nose, the snorkel top shape and layout, and attachment point of the snorkel section to the facemask section.



| Product shown in Amended Response | Product offered for sale on June 28, 2024 | '642 Patent |
|---|---|---|

Finally, Defendant filed its "Amended Response" on June 27, a day after this Court set the deadline for Plaintiff to file its Reply to Defendant's Response to the Motion. Dkt. Nos. 27, 28, and 29.  This was done in an apparent attempt to paper over the fact that Defendant's initial response failed to actually compare its product to the '642 Patent, despite claiming it could not infringe the Asserted Patent as it practiced at '642 Patent.  *See* Dkt. No. 27.  After counsel for Plaintiff raised this glaring issue, Defendant—in an apparent attempt to sandbag Plaintiff and

---

[1] Defendant's product images fail to show a head on view which would show that the cutouts on the chin and left and right of the nose still infringe Plaintiff's Asserted Patent.

mislead the Court—decided to file its Amended Response without seeking leave, or even conducting a meet and confer with counsel for Plaintiff.[2]

As such, the Court should take any statements from Defendant with a grain of salt. Again, Defendant has changed its product listings to evade enforcement of the TRO on multiple occasions, misrepresented to this Court the products which they are in fact currently selling by showing images of a *third* product, falsely claimed that its products practice the '642 Patent, when they do not in fact do so, and belatedly attempted to file an Amended Response containing misrepresentations without conferring with Plaintiff or seeking leave to do so.

### B. Infringement of the Asserted Patent

For the same reasons as addressed above, Defendant's argument that it does not infringe the Asserted Patent as its products practice the '642 Patent must be rejected. Again, these arguments are blatantly false in light of the products offered for sale by Defendant on April 16, 2024, and the fact that Defendant has intentionally misrepresented to the Court the products which it is still currently offering for sale, which do not in fact practice the '642 Patent as addressed above.

Still, Defendant's argument that it cannot infringe the Asserted Patent because it practices the '642 Patent is a red herring. Tellingly, Defendant cites to no law—case or statutory—to support its position. *See* Dkt. No. 29. In fact, Defendant blatantly misrepresents the law to the Court to argue that "the defendant's diving mask does not and cannot infringe the claim of the '358 Patent because design patents are narrow in scope, and the figures of a design patent form the claim." *Id.* at 5. In fact, there is no such limitation or presumption as to the scope and the sole test

---

[2] In addition, Defendant's Amended Motion should be stricken for failing to comply with Local Rule 7.1, as Defendant's Response and Amended Response total 18 pages, well above the amount allowed by Rule 7.1.

7

for infringement is if an ordinary observer would be deceived into thinking that the Infringing Products were the same as the D'358 Patent. *See Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 672 (Fed. Cir. 2008). Here, all three product versions offered by Defendant infringe the Asserted Patent as can be easily seen in the images above.[3] Defendant identifies no case or statutory law supporting its position that its product does not infringe the Asserted Patent just because it has alleged those products practice a later filed patent, because no such law exists. To the contrary, such an argument runs afoul of the basic and fundamental tenants of the United States patent system. *Vaupel Textilmaschinen KG v. Meccanica Euro Italia S.P.A.*, 944 F.2d 870, 879 n.4, 20 U.S.P.Q.2D (BNA) 1045, 1052 n.4 (Fed. Cir. 1991) ("The existence of one's own patent does not constitute a defense to infringement of someone else's patent. It is elementary that a patent grants only the right to exclude others and confers no right on its holder to make, use, or sell."). Defendant's arguments to the contrary must therefore be rejected and this Court should grant the Motion.

    **C.**    **The Asserted Patent is Not Invalid**

Defendant's arguments that the Asserted Patent is invalid should likewise be rejected. As discussed above, Defendant's own actions have shown that the product images associated with Amazon product listings can easily be changed. The table below provides yet another example of this.

---

[3] The products offered by Defendant on Amazon on April 16 and May 16, and the mysterious third product identified in Defendant's Amended Response.

8

| ASIN No. B0BQ2T2HF3 - Screen Shot – April 16, 2024 | ASIN No. B0BQ2T2HF3 - Screen Shot – May 16, 2024 |
|---|---|
|  | |

*Compare* Dkt. No. 2-2 at 23 with Exhibit A). The images are taken from the same product listing (*i.e.*, Amazon ASIN No. B0BQ2T2HF3) only a month apart yet feature different product images. As such, the Amazon Product listing provided by Defendant as prior art evidence should be afforded no weight as Defendant has already demonstrated a pattern of changing product listings to avoid liability for its own actions.

In fact, the product identified is a product made by Plaintiff for once of its customers Vaincre. Put simply, the images shown in the Vaincre listing which Defendant relies upon are not images of the product offered by Vaincre in March of 2016. *See* Decl. Yechun Chen, attached hereto. In fact, the listing Defendant relies upon "was changed as of March 19. 2017." *See id* at ¶ 4, *see also id.* at Ex. B. As Mrs. Chen attests "The first sale date shown in Defendant's Exhibit is not accurate in that the product images have been changed since the listing was first created." *Id.* at ¶ 4. As such, Defendant has failed entirely to show that the Asserted Patent is in any way invalid or that Plaintiff is unlikely to succeed on the merits of its claims.

9

Moreover, patents are afforded a presumption of validity. 35 U.S.C. § 282 ("A patent shall be presumed valid... The burden of establishing invalidity of a patent or any claim thereof shall rest on the party asserting such invalidity."). Defendant has not met this burden. The Court should therefore grant the Motion.

## IV. CONCLUSION

In view of the foregoing, Plaintiff respectfully requests that this Court enter a preliminary injunction enjoining Defendant from further infringement and to extend the asset restraint granted in the TRO.

DATED: July 2, 2024        Respectfully submitted,

By: */s/ Stevenson Moore*
Hao Ni
Texas Bar No. 24047205
hni@nilawfirm.com
Stevenson Moore
Texas Bar No. 24076573
smoore@nilawfirm.com

**NI, WANG & MASSAND, PLLC**
8140 Walnut Hill Ln., Ste. 500
Dallas, TX 75231
Tel: (972) 331-4600
Fax: (972) 314-0900

*Counsel for Plaintiff Qinfeng Yu*

## CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of July, 2024, Defendants were served with a copy of the foregoing via email per the Sealed Temporary Restraining Order (Dkt. No. 13).

*/s/ Stevenson Moore*
Stevenson Moore