IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| QINGSONG LEI,<br><br>                Plaintiff,<br><br>     v.<br><br>THE PARTNERSHIPS and UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A"<br><br>                Defendants. | Civil Action No. 1:24-cv-4002<br><br>Honorable Sharon Johnson Coleman |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S SUR-REPLY IN SUPPORT OF THE MOTION FOR PRELIMINARY INJUNCTION**

Plaintiff Qingsong Lei ("Plaintiff") submits this Response to Defendant's Sur-Reply in Support of its Motion for Entry of a Preliminary Injunction ("Motion") (Dkt. No. 25) responding to arguments raised in Defendants Sur-Reply (Dkt. No. 32-2). Plaintiff's Motion should be granted as Defendant's Sur-Reply fails to contradict the same showing upon which the Temporary Restraining Order (Dkt. No. 14) was granted. In its Sur-Reply, Defendant argues that (1) Plaintiff made false statements that was unaware of Defendant's true identify; (2) that Plaintiff made misstatements in its Reply that Defendant "does not own or operate the weblinks B09THGNFSV, B0BQ2T2HF3, B09THGNFSV, B0CPBM5MMK, B09THFY5S4, and B0CPBB95X2" (the "New Listings"); and (3) that the '358 Patent is likely invalid. Each of these arguments fails for the reasons set forth below.

First and foremost, Defendant's argument that Plaintiff made material misrepresentations in its Complaint regarding its knowledge of Defendant's identity and the ownership of the New Listings are proven false for the same reason. In fact, Defendant's Sur-Reply clearly shows exactly why Plaintiff *required* discovery from Amazon.com, Inc.: to discovery the identity of the

1

Defendant stores, including Defendant Ezire-Direct USA. For example, Plaintiff filed this lawsuit against three Amazon storefronts, all using assumed names to offer nearly identical products, each infringing Plaintiff's patented design for a snorkel mask. *See* Complaint at Schedule A; *see also* Complaint at Exhibit B (showing infringing products and storefronts). Aften entry of the Court's Temporary Restraining Order, Plaintiff served discovery requests upon Amazon as to the identify of the owners of the Defendant stores, none of which matches the Amazon store names. *See* Moore Decl. at ¶ 3-4, attached hereto as Exhibit A. Amazon provided no less than three separate addresses for Defendant, including two in Wuhan, China and one in Hong Kong. *See id.* at ¶ 4. Furthermore, Defendant's arguments that it does not own the New Listings further shows why Plaintiff's Complaint is true and why an *Ex Parte* Temporary Restraining Order was required. For example, Defendant's claims that it does not own the New Listings are readily proven untrue simply by looking at the evidence submitted with Plaintiff's Response, reproduced in part below:



Pls. Resp. in Supp. of Mot. for Preliminary Injunction, Ex. A at 1. As shown in the image above, ASIN No. B0BQ2T2HF3 is offered by the "Ezire Store" and "Sold by Ezire-Direct USA". The same holds true for each of the New Listings. *See id.* at 2, 19, 60, 73, 87, 101, 115, 129, 143, and 157. These listings were captured on April 16, 2024, showing the New Listings as being from the "Ezire Store" and "Sold by Ezire-Direct USA". As such, Defendant's argument that it "does not own or operate the weblinks" is demonstrably false. Furthermore, those same listings are now

3

being offered by another seller "Hydiview" while still being listed under the Ezire Store.[1]  *See* Moore Decl. at Ex. A-1, A-2, A-3, A-4, A-5, and A-6.  Defendant is thus arguing that it does not own its own listings on the one hand, and on the other, that Plaintiff should have known who owned the listings when the Complaint was filed was without requiring discovery despite basing its Sur-Reply arguments on the premise that the listings are inaccurate as to who "own[s] or operate[s] the weblinks".  *See* Sur-Reply at 2.  Plaintiff filed its Complaint and Temporary Restraining Order to protect its intellectual property rights and to prevent the Defendants from simply closing one store and selling the infringing products under another store name once they received notice of the Complaint.[2]  As such, Defendant's arguments are counter to the facts at hand, self-contradictory, and entirely meritless. Those arguments should be rejected as such.

Finally, Defendant's argument that the '358 Patent is invalid should be rejected.  Again, this is Defendant's third bite at this apple. It filed its Response on June 25 and its Amended Response on June 27.  Dkt. Nos. 27 and 29.  In both responses, Defendant identified an Amazon listing from Vaincre, reportedly dating from March 10, 2016, as invalidating prior art.  *See* Dkt. Nos. 27, 27-1, 29, and 29-1.  With its Reply, Plaintiff submitted the Declaration of Yechun Chen, the "owner of Vaincre" showing that the product identified in Defendant's Responses was not in fact offered for sale until March 19, 2017.  *See* Dkt. No. 30-2 at ¶¶ 3-4.  In point of fact, the product shown in the listings was manufactured by Plaintiff and sold to its customer Vaincre and is not invalidating prior art under 35 U.S.C. § 102(b)(1)(A).  *See* Declaration of Qingsong Lei at ¶ 3. Defendant's reliance on Chinese Patent No. CN 303703073 S should be rejected as an untimely attempt to introduce a new argument that it failed to raise in its Response.  Again, Defendant filed

---

[1] A practice the Temporary Restraining Order specifically forbids.  *See* TRO at ¶ 1.  (Dkt. No. 14).
[2] Which is exactly what appears to be happening with the New Listings now being offered by Hydiview while still being part of the Ezire Store.

*two* Responses (Dkt. Nos.27 and 29), both of which identified the Vaincre product as prior art. Now, at the last minute, Defendant is attempting to introduce a new prior art reference[3] in its Sur-Reply, which it failed to raise in its Response. Such belated arguments must be rejected as untimely and prejudicial to Plaintiff. For the foregoing reasons, the Court should reject Defendant's meritless arguments and grant Plaintiff's Motion.

---

[3] Which it failed to properly support with an accompany declaration as to the accuracy and veracity of the alleged prior art reference or the accompanying translation.

DATED: July 22, 2024                                            Respectfully submitted,

                                                                By: */s/ Stevenson Moore*
                                                                Hao Ni
                                                                Texas Bar No. 24047205
                                                                hni@nilawfirm.com
                                                                Stevenson Moore
                                                                Texas Bar No. 24076573
                                                                smoore@nilawfirm.com

                                                                **NI, WANG & MASSAND, PLLC**
                                                                8140 Walnut Hill Ln., Ste. 500
                                                                Dallas, TX 75231
                                                                Tel: (972) 331-4600
                                                                Fax: (972) 314-0900

                                                                *Counsel for Plaintiff Qinfeng Yu*

## CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of July, 2024, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Northern District of Illinois, Eastern Division, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

                         */s/ Stevenson Moore*
                         Stevenson Moore